```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

KARL P. ANDERSON,

    Plaintiff,

v.                                      Civil Action No. 5:09CV117
                                                              (STAMP)

ADMINISTRATOR SPENCER,
SGT. GORBIE, C/O TRAVIS MONTAG,
C/O BALASFORD, C/O CLYDE HASLEM
and C/O AARON STUCKEY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION FOR EXTENSION
OF TIME TO FILE SUMMARY JUDGMENT AND
AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

I.  Background

The *pro se* plaintiff, an inmate formerly housed at the Northern Regional Correctional Facility in Moundsville, West Virginia, filed this 42 U.S.C. § 1983 action asserting against each defendant claims of cruel and unusual punishment in violation of the Eighth Amendment of the Constitution. All of the defendants are employed in some capacity by the State of West Virginia at the Northern Regional Correctional Facility, and the plaintiff alleges that each, at some point, took part in at least one of three separate incidents which the plaintiff claims amounted to excessive use of force and violated his Eighth Amendment Rights.

After a preliminary review of the plaintiff's complaint, United States Magistrate Judge John S. Kaull determined that summary dismissal was not appropriate, and instructed the

defendants to answer the claims against them. All defendants timely answered and the magistrate judge issued a first order and notice regarding discovery and scheduling. Subsequently, the defendants, through counsel, filed two motions to extend the scheduling deadlines; both of which were granted by Magistrate Judge Kaull. The most recent amended scheduling order extended the dispositive motions deadline to July 6, 2011.

Magistrate Judge Kaull issued a report and recommendation with regard to this matter on July 22, 2011 wherein he states that, as of the date of the report, no dispositive motions were filed, nor was a motion filed requesting further extension of the deadline for the same. Accordingly, the magistrate judge recommended that this case be set for trial before the undersigned judge.

Following the issuance of the report and recommendation, the defendants filed a motion for an extension of time to file a motion for summary judgment, arguing that the defendants had been attempting to locate and interview the plaintiff's witnesses for the purpose of determining their effect on a motion for summary judgment. The defendants also contended that they were awaiting a ruling on the plaintiff's second motion for appointment of counsel, as new counsel may have desired a modification of the scheduling order. The clerk did not enter an order denying the plaintiff's motion for appointment of counsel until July 11, 2011. Leave to file a motion for summary judgment by July 29, 2011 was requested.

2

This Court deferred ruling on this motion for a third extension of dispositive motions deadlines pending the parties' filing of objections to the magistrate judge's report and recommendation.

The defendants filed timely objections to the report and recommendation, which raised similar arguments raised in the motion for extension of time. In these objections, counsel for defendants admitted to this Court that, due to a clerical/scheduling error, the dispositive motion deadline was never placed on counsels' calendar. Counsel further explained that they were unaware that the deadline had passed until they received the magistrate judge's report and recommendation. As a basis for the defendants' objections, they argued that there are no questions of fact for a jury to consider and that this case would be more appropriately decided based upon a motion for summary judgment. Further, they contended that the plaintiff would not be prejudiced by the late filing of a motion for summary judgment because "there is no indication that the plaintiff intends to engage in any discovery in this matter" and because should the plaintiff desire to file a motion for summary judgment, this extension of time would allow him to do so as well. The defendants subsequently, and without leave of Court, filed an untimely motion for summary judgment on August 10, 2011.

The plaintiff filed a response to the defendants' objections to the report and recommendation as well as to the defendants'

motion for extension of time to file a motion for summary judgment. In his response, the plaintiff pointed out that the defendants had already requested and received two extensions of the scheduling order, and if they were truly actively attempting to locate witnesses and were awaiting ruling on the plaintiff's motion to appoint counsel, they could have filed a third request prior to the dispositive motion deadline. Further, he argues that excusable neglect should not be granted in this case because there are six defendants and two attorneys working on the defense in this case, and neglect of all of them should not be excused.

In response to the defendants' arguments that an extension would not prejudice him, the plaintiff contends that he has no desire to file a motion for summary judgment because he prefers to argue his case before a jury. The plaintiff's response also outlines all of the issues of fact that he believes exist in this case. Finally, he says that he has attempted to engage in discovery multiple times, and it is the defendants who have failed to engage in discovery outside of a single deposition.

In the defendants' reply brief, they reaffirm their clerical error and that the plaintiff would not be prejudiced by an extension. Further, they argue that the plaintiff's focus on arguments as to why genuine issues of material fact exist in this case is evidence of the fact that this is better decided as a motion for summary judgment. They contend that these arguments

should have no bearing on a decision regarding the defendants' motion for an extension of time to file dispositive motions.

## II. Applicable Law

A. Motion for Extension of Time to File Motion for Summary Judgment

Federal Rule of Civil Procedure 6(b) permits a court to extend a deadline by which a party may or must perform an act for good cause:

> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under the law of the United States Court of Appeals of the Fourth Circuit, "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be . . . 'the burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing . . .'" Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1995)(quoting In re O.P.M. Leasing Serv., Inc., 769 F.2d 911, 917 (2d Cir. 1985)). A finding of excusable neglect ultimately comes down to a balance of the equities, and the decision whether or not to grant an extension "remains committed to the discretion of the district court." Id. at 532 n.2; see also United States v. Borromeo, 945 F.2d 750, 754 (4th Cir. 1991).

B.   Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the report and recommendation was made based solely upon the fact that no dispositive motions were filed, and the defendants have filed objections to that finding, this Court will undertake a de novo review of the entire report and recommendation.

### III.  Discussion

The Supreme Court has developed guidelines of factors that courts should consider when determining whether a moving party has established excusable neglect.  The elements for consideration are: (1) "the danger of prejudice to [the non-moving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was in the reasonable control of the movant, and" (4) "whether the movant acted in good faith."  Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  Quite obviously, the most important of these factors in deciding whether the "neglect" was "excusable" is the proffered reason for it. Thompson, 76 F.3d at 534.  It is important to note that, under Fourth Circuit precedent, excusable neglect is only to be found in "'extraordinary cases where injustice would otherwise result,'" and merely establishing the above elements does not entitle a moving

6

party to a finding of the same; as this decision is within the district court's discretion.  <u>Id.</u> at 532 n.2, 534.

As for the first element to be considered, this Court presumes without deciding that the defendants have satisfied this element and that the plaintiff would not be severely prejudiced if this Court granted the defendants' motion to extend the dispositive motions deadline.  With regard to the second element for consideration, as this case has not yet been set down for trial, and the delay was less than a month, this Court similarly does not find that the second element for consideration is a barrier to granting the defendants' motion. Additionally, the fourth element, "whether the movant acted in good faith" is not in question by this Court.

However, after consideration of the defendants' proffered reasons for their neglect, this Court finds, for the following reasons, that they have failed to establish excusable neglect.  The defendants have essentially offered three basic excuses for their failure to timely file a motion for summary judgment.  First, they assert that they were attempting to contact and ascertain the significance of the plaintiff's disclosed witnesses.  Second, they say that they were awaiting the magistrate judge's decision regarding the plaintiff's motion for appointment of counsel, which may have been followed by plaintiff's counsel's request for an amended scheduling order.  Third, they admit that the deadline was

7

missed because of a clerical error which resulted in the deadline not being present on either of the defendants' attorneys' calendars. The Court will address each reason in turn.

The defendants' first excuse is unconvincing. As the plaintiff pointed out in his response, each of the plaintiff's disclosed witnesses, with the exception of two, is currently incarcerated by the State of West Virginia. A simple offender search on the West Virginia Division of Corrections' website would yield results in finding these witnesses. Further, according to the plaintiff's uncontested statements, no attempt was made by the defendants or their counsel to contact the plaintiff and request further information to aid in finding them. The second amended scheduling order, which set the currently applicable deadlines in this case, was entered by Magistrate Judge Kaull on April 6, 2011. This Court does not find convincing the defendants' argument that delay was a result of an inability to locate incarcerated witnesses over a period of three months. Additionally, if the defendants truly could not locate these witnesses, they were free to request a third extension of the scheduling order prior to the dispositive motions deadline.

Further, this Court also finds the defendants' second proffered reason for their neglect to be without merit. Reliance upon a possible future request for an extension by the plaintiff is no justification at all for failing to adhere to the existing

scheduling order. In <u>Tucker v. Chrysler Credit Corp.</u>, 1998 U.S. App. LEXIS 10803, *8 (No. 97-1364) (4th Cir. 1998), a similar argument was advanced as a reason for the plaintiff's failure to timely respond to the defendant's motion to dismiss; that the plaintiff was awaiting the district court's rulings on two motions for enlargement of time. In that case, the Fourth Circuit affirmed the district court's rejection of that reasoning, asserting that the appeals court "wholly reject[ed]" it as an excuse.

Whether or not the defendants foresaw a possible further extension of the scheduling order did not change the fact that the case was continuing under the existing scheduling order, and that on the date that dispositive motions were due, no extension had been granted or even requested. It is not excusable to rely upon a mere possibility that does not come to fruition. Further, it seems clear to this Court that this excuse was not the reason that the defendants failed to file a timely dispositive motion, but that the sole reason for the neglect was counsels' ignorance of the deadline.

That being apparent, this Court finds that defendants' third excuse for their neglect to be inexcusable as well. As previously noted, the Fourth Circuit has found that "a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing" to establish excusable neglect. <u>Thompson</u>, 76 F.3d at 534. In addition to this general

9

rule, the specifics of this case cause the defense counsels' disclosure of its administrative error to fall even further short of the necessary showing than would be the case generally.

Current counsel for the defendants made their initial appearance in this case on December 1, 2010 and subsequently requested and were granted two scheduling order continuances; the first being immediately after their appearance, and the second in April, 2011.  Thus, counsel for the defendants were not forced to comply with a scheduling order that was in existence before they entered their appearance in the case, nor were they unaware of or not in possession of deadlines in the past.  The deadlines to which this Court now holds them were created at their own request and for defense counsels' own benefit.

As a final matter, the defendants raise an argument that this Court's failure to grant the motion for an extension would be a waste of resources and time, because there are no issues of material fact in this case.  The Court does not address this matter here.  Whether or not there are issues of material fact in this case is a matter for a properly filed summary judgment motion, not for a motion attempting to excuse a party's failure to file for summary judgment, and is irrelevant as a factor for deciding such a motion.

Thus, this Court, under all of the circumstances, must find finds that the defendants have failed to make a showing of good

cause by reason of excusable neglect as required by Federal Rule of Civil Procedure 6(b)(1)(B) and must deny the motion for an extension of time to file a motion for summary judgment.

Further, in accordance with the above findings, after a de novo review of Magistrate Judge Kaull's report and recommendation, this Court affirms and adopts the report and recommendation in its entirety. As a result of the fact that neither party filed a timely dispositive motion, this Court must set this matter for trial before the undersigned. A separate scheduling order will be entered by this Court.

## IV. Conclusion

For the above reasons, the defendants' motion for extension of time to file motion for summary judgment is DENIED. Accordingly, the defendants' motion for summary judgment is DENIED as untimely.[1] Further, based upon a de novo review the magistrate judge's ruling is hereby AFFIRMED AND ADOPTED in its entirety and the defendants'

---

[1] The Eleventh Amendment of the Constitution grants these defendants sovereign immunity for all actions taken in their official capacity as officials of the State of West Virginia. Quern v. Jordan, 440 U.S. 332, 342 (1979). The Fourth Circuit has found that the Eleventh Amendment is jurisdictional and that sovereign immunity issues must be raised sua sponte when they exist. Suarez Corp. Inds. v. McGraw, 125 F.3d 222, 227 (4th Cir. 1997). It is noted that the plaintiff does not specify whether any of his claims against the defendants are in their individual or official capacity. However, to the extent that any of the plaintiff's claims are directed against the defendants in their official capacities, those claims are hereby DISMISSED WITH PREJUDICE based upon sovereign immunity of the Eleventh Amendment.

objections are hereby OVERRULED. As noted above, this Court will set this matter down for trial by separate order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: December 21, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE