IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KARL P. ANDERSON,

    Plaintiff,

v.                                              Civil Action No. 5:09CV117
                                                     (STAMP)
ADMINISTRATOR SPENCER,
SGT. GORBIE, C/O TRAVIS MONTAG,
C/O BALASFORD, C/O CLYDE HASLEM
and C/O AARON STUCKEY,

    Defendants.

**<u>ORDER DENYING DEFENDANTS' MOTION TO REOPEN DISCOVERY</u>**

    The <u>pro se</u> plaintiff, an inmate formerly housed at the Northern Regional Correctional Facility in Moundsville, West Virginia, filed this 42 U.S.C. § 1983 action asserting against each defendant claims of cruel and unusual punishment in violation of the Eighth Amendment of the Constitution.

    After a preliminary review of the plaintiff's complaint, United States Magistrate Judge John S. Kaull determined that summary dismissal was not appropriate, and instructed the defendants to answer the claims against them. All defendants timely answered and the magistrate judge issued a first order and notice regarding discovery and scheduling. Subsequently, the parties filed a total of three motions to extend discovery deadlines; all three of which were granted by Magistrate Judge Kaull. The most recent amended scheduling order extended the

discovery deadline to June 6, 2011, and the dispositive motions deadline to July 6, 2011.

Magistrate Judge Kaull issued a report and recommendation with regard to this matter on July 22, 2011 wherein he informed this Court that no dispositive motions or motions for an extension of time to file the same had been filed as of the date of the report, and as a result, he recommended that the case be set for trial. Following the issuance of the report and recommendation, the defendants filed a motion for an extension of time to file a motion for summary judgment and subsequently, and without leave of Court, filed an untimely motion for summary judgment.

After the parties fully briefed the defendants' motion for an extension of time to file a motion for summary judgment, this Court issued a memorandum opinion and order denying that motion, dismissing the defendants' motion for summary judgment as untimely and filed without leave of court, and affirming and adopting the magistrate judge's report and recommendation. This Court also informed the parties of its intention to set this matter down for trial by separate order.

The defendants then filed the instant motion requesting that this Court reopen discovery, claiming that they have not deposed all of the plaintiff's witnesses and that the plaintiff disclosed a new witness, never previously disclosed, on January 3, 2012. The

plaintiff responded in opposition to this motion, but the defendants did not file a reply.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order, which contains a deadline for the completion of discovery, may only be modified "for good cause and with the judge's consent." After review of the case history and the arguments advanced by both the plaintiff and the defendants in relation to the defendants' motion, this Court believes that it is clear that the defendants have failed to show good cause to reopen discovery in this case. For the reasons that follow, this motion is thus denied.

The defendants argue that there is good cause to reopen discovery for multiple reasons, and this Court will address each of the reasons presented in turn. First, the defendants argue that the plaintiff disclosed witness Jack J. Jones for the first time on January 3, 2012, when he filed this witness's affidavit statement with this Court. Such late disclosure of a new witness, they maintain, creates good cause to reopen discovery to allow the defendants to conduct a deposition of this witness. The plaintiff responded to this contention, stating that he had actually disclosed Jack J. Jones as a potential witness as early as May 21, 2010, when he filed a discovery disclosure entitled "Plaintiff's Motion to Disclose Additional Discovery Pursuant to Rules of Civil Procedure Rule 26(a)(1)(A)(I)." (ECF No. 37.) He also maintains

that he disclosed this witness again on August 5, 2011, in his objections to the defendants' motion for an extension of time to file a motion for summary judgment. (ECF No. 93.)

A review of the docket and the filings referenced by the plaintiff proves that the plaintiff did disclose this witness multiple times in documents which were served upon the defendants. Further, the plaintiff attaches a transcript of his deposition, taken by counsel for the defendants on March 4, 2011, wherein the plaintiff engages in a lengthy description of Mr. Jones's relation to the case and his status as a witness. In fact, the plaintiff testified during this deposition that he had obtained a statement from Mr. Jones and that he believed that he had served that statement on the defendants. In response to this assertion, counsel for the defendants acknowledged the receipt of the statement. Accordingly, the defendants' contention that the plaintiff did not disclose Mr. Jones as a witness before January 3, 2012 is baseless.

The defendants also argue that discovery should be reopened because they have not yet deposed a number of the plaintiff's other witnesses. They assert that they "were awaiting a ruling from the Court on their Motion for Summary Judgment" in order to take these depositions. (ECF No. 103 *2.) This argument does not show good cause to reopen discovery. The defendants advanced a similar argument in their earlier motion to extend the deadline to file a

motion for summary judgment, maintaining that their failure to timely file was the result of an inability to locate the plaintiff's witnesses for purposes of deposition.  This Court rejected this argument then, and continues to find it to be without merit here.  As stated in this Court's previous opinion, all but two of the plaintiff's witnesses were incarcerated during the original period of discovery and were able to be located through a simple offender search on the West Virginia Division of Corrections' website.  The defendants could have located them during the original discovery period.

Further, the defendants have presented no evidence to contest the plaintiff's statement that the defendants never contacted him to attempt to locate his witnesses during the original discovery period.  The history of this case shows that the parties were engaged in discovery for over a year and received three extensions of the discovery deadlines before the expiration of discovery in this case on June 6, 2011.  The defendants offer no further explanation as to why the depositions only now sought were not taken during that period.

As a final matter, the defendants' contention that they did not take these depositions because they were awaiting this Court's decision on their motion for summary judgment is not supported by reason.  All fact discovery closed in this case on June 6, 2011, one month before any motion for summary judgment was even due.

5

During the time that the defendants were waiting for this court to issue a ruling regarding their motion for summary judgment, discovery had already closed.

The defendants' third and final argument that good cause exists to reopen discovery is that, because this Court denied their motion for summary judgment, they believe that they now need to depose the plaintiff's witnesses in preparation for trial.  This argument, too, is without merit.  The time to conduct depositions is before discovery is closed and motions for summary judgment are filed.  After discovery is closed and a motion for summary judgment is filed, briefed and denied, the parties must then be prepared, from a fact discovery standpoint under the Federal Rules of Civil Procedure, to present their cases at trial.  To allow a party to conserve effort and expense in conducting discovery until after its motion for summary judgment is denied would be to prejudice an opposing party.  The defendants had ample time to conduct these depositions and to learn the merits of the plaintiff's complaint before discovery closed.

For the above reasons, the defendants' motion to reopen discovery is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:      April 19, 2012

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE